FILED
1/19/18 9:27 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | | |
|---|---|---|---|---|
| In re: | : | Case No.: | 16-24737-GLT | |
| | : | Chapter: | 7 | |
| Joan Delores Lewis | : | | | |
| | : | | | |
| | : | Date: | 1/18/2018 | |
| *Debtor(s).* | : | Time: | 02:00 | |

## PROCEEDING MEMO

**MATTER:**   #65 - Order to Show Cause issued against Debtor to
Personally appear and show cause as to why
this bankruptcy Case should not be dismissed
for the Debtor's failure to attend 341 Meetings of
Creditors
[Response due 1/2/2018]

#60 - Motion for Relief From Stay Filed by US Bank NA
#66 - Amended Response filed by Debtor
[On or before 1/12/2018, any proposed order
Resolving Motion to be filed]

**APPEARANCES:**

    Debtor:        Lawrence W. Willis
    Creditor:      James Warmbrodt

**NOTES:**

Court: The Debtor has missed five 341 meetings over eleven months.

Willis: No defense. Has not been able to contact the Debtor, though has met with her son. Requests dismissal without prejudice.

Court: The Debtor has not made a good-faith effort to pursue this case, nor did she appear for today's hearings as required or offer any response to the Order to Show Cause [Dkt. No. 65] the Court issued against her. With respect to the motion for relief from stay, the statement of intent says the Debtor plans to surrender the property. Why did that not occur?

Willis: She plans to surrender, but it's her residence. Was hoping for assistance with moving fees from the mortagee.

Court: The Debtor is required to perform a surrender within 30 days of the 341 meeting. Simply denying the averments without a good-faith basis to do so is problematic.

**OUTCOME:**

1. The case is dismissed with prejudice. (DB to prepare.)

2. The Motion for Relief from Stay [Dkt. No. 60] is denied as moot. (Text Order to issue.)

**DATED:** 1/18/2018